IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS
_____ DIVISION

HERIBERTO CRUZ                                                          PLAINTIFF

V.                              CASE NO. CV2013- *192-2*

R.M. COMPTON TRANSPORT,                          DEFENDANTS
INC. AND ANTHONY BENITEZ

## COMPLAINT

Comes now Plaintiff, Heriberto Cruz, by and through his undersigned attorneys, Dugger Law Firm, P.A., and for his Complaint against Defendants states:

1. Plaintiff is and was at the time of the collision and the negligent acts complained of herein a resident of Glendale, New York.

2. Defendant Anthony Benitez ("Benitez') was, based on knowledge and belief, at all relevant times a citizen of the state of Texas, residing at 322 Indiana Drive, San Antonio, Texas. Additionally, Plaintiff is informed and, therefore, believes and alleges that Benitez was acting in his capacity as an agent, employee and/or representative of Defendant R.M. Compton Transport, Inc. at the time of the collision at issue.

3. Defendant R.M. Compton Transport, Inc. ("Compton") is a foreign for-profit trucking company, which is authorized by the Department of Transportation to engage in interstate commerce. Its principal place of business is in the state of Texas and service of process may be had on its registered agent: William L. Cowart, ¼ Mile E. 495, Pharr, TX 78577. Plaintiff is informed and, therefore, believes and alleges that at the time of the collision at issue, Defendant Compton was the owner of the tractor-trailer involved and the employer and/or principle of its operator, Defendant Benitez.



EXHIBIT A

4. Plaintiff's complaint seeks recovery for severe and permanent personal injuries, harm and other compensable damages as allowed by Arkansas law, all of which arose out of an collision which occurred on April 2, 2011, in Hempstead County, Arkansas, just outside the city limits of Hope, Arkansas. Accordingly, this Court may properly exercise both subject matter and personal jurisdiction and venue properly lies in Hempstead County, Arkansas.

## I – FACTUAL BACKGROUND

5. On April 2, 2011, Plaintiff was riding as a passenger in a tractor-trailer combination, being operated by Margila Rasoul in a westerly direction on Interstate 30 in the right hand lane. Also traveling west on Interstate 30, but in the left hand passing lane, was a tractor-trailer, specifically a 2005 Kenworth Diesel, which was owned by Defendant Compton and being operated by its employee/agent, Defendant Benitez.

6. When the tractor-trailer driven by Defendant Benitez attempted to merge into the right hand lane, the one in in which Mr. Rasoul traveling, he negligently, carelessly and recklessly failed to pay proper attention, to yield the right of way and to ensure the vehicle he was driving stayed squarely within its lane of travel, causing the trailer he was transporting with the 2005 Kenworth to collide with the 2006 Peter Built Diesel driven by Rasoul, in which Plaintiff was riding as a passenger. .

7. Upon impact between the two vehicles, the force of the collision was such that it propelled the 2006 Peter Built operated by Rasoul off the north side of the roadway, where it ultimately overturned and traveled a distance of approximately three hundred and eighty feet (380') before coming to rest.

2

## II. NEGLIGENCE CLAIMS AGAINST DEFENDANTS

8. At the time of the collision, Defendant Beitez was acting within the course and scope of his employment and/or agency with Defendant Compton. Alternatively, he was a permissive, but incompetent, operator of the tractor-trailer, something that Defendant Compton knew or should have known when it entrusted the vehicle to him. The negligence of Defendant Benitez, which was the sole, proximate cause of the collision and damages set forth herein, would be imputed as a matter of law to Defendant Compton, given the relationship between the two.

9. The collision was directly and proximately caused by the negligence of Defendant Benitez, which would be imputed to Defendant Compton under the theories of either "Respondeat Superior" or negligent entrustment or both. Such negligence on the part of Defendant Benitez included, but is not limited to, the following:

    a. Making an improper lane change and merging on top of and into the lane occupied by Rasoul;

    b. Failure to keep proper look-out and pay proper attention;

    c. Failure to yield the right-of-way;

    d. Operating a tractor-trailer at a speed greater than reasonable and prudent under the circumstances;

    e. Careless and prohibited driving;

    f. Failure to maintain proper control of the diesel tractor;

    g. Failure to exercise ordinary care as required under the circumstances then existing; and

3

      h.      Failure to operate the vehicle he was driving appropriately and squarely within its lane of travel.

### III. CLAIM FOR DAMAGES AND HARM

10.     As a proximate result of the reckless and negligent acts and/or omissions of Defendant Benitez, Plaintiff sustained the following harm and damages:

      a.     Serious and permanent physical injuries, for which his treating physicians have recommended additional future medical care;

      b.     Physical pain and suffering experienced in the past and reasonably certain to be experienced in the future;

      c.     Mental anguish experienced in the past and reasonably certain to be experienced in the future;

      d.     Medical expenses incurred in the past and reasonably certain to be incurred in the future; and

      e.     Loss of income, both past, present and future;

11.     Plaintiff seeks judgment against Defendants, jointly and severely in an amount which exceeds the minimum limits required for federal jurisdiction in diversity of citizenship cases and which will fully and fairly compensate him for all harm proximately caused by Defendants' negligence.

12.     Plaintiff respectfully demands trial by jury.

WHEREFORE, Plaintiff, Heriberto Cruz, prays as follows:

a.     For trial by jury;

b.     For general and special damages in excess of that required for federal jurisdiction in diversity actions, the total amount of which is to be proven at the time of trial and

determined by a jury;

c. For all costs to which he may be entitled under Arkansas law; and

d. For such other and further relief the Court deems just and proper.

Respectfully submitted,

DUGGER LAW FIRM, P.A.
5208 Kavanaugh Blvd., Suite 4
Little Rock, AR 72207
(501) 664-0900, Fax (501) 663-8111

By: _____
Terry D. Dugger, ABN 95240

FILED
2013 NOV 22 AM 9 26
GAIL WOLFENBARGER
CIRCUIT CLERK
HEMPSTEAD COUNTY, AR

5